UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FRUIT STREET HEALTH PBC, and LAURENCE N.
GIRARD,

Docket No.:  22-cv-00359

                                        Plaintiffs,

          -against-

**NOTICE OF REMOVAL**

GREEN CAPITAL FUNDING, LLC,
YELLOWSTONE CAPITAL, LLC, ADVANCE
MERCHANT SERVICES, LLC, MAX RECOVERY
GROUP, LLC, YITZHAK STERN, DAVID GLASS,
LMF TRADING GROUP, LLC, SVP FUNDING, LLC,
SALVATORE LASPISA and ANES D.
HADZIFEJZOVIC a/k/a ALEX HADZ,

                                        Defendants.
------------------------------------------------------------------X

          PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446,

Defendant, MAX RECOVERY GROUP, LLC ("MRG"), by and through the undersigned counsel,

hereby removes this action from the Supreme Court of the State of New York, County of New

York, to the United States District Court for the Southern District of New York.  In support of this

Notice of Removal, Defendants state as follows:

**STATEMENT OF RELEVANT FACTS**

          1.        On or about November 24, 2021, Plaintiffs filed a Summons and Complaint (the

"Complaint") against Defendants.  The Summons and Complaint with annexed exhibits are

attached hereto as **Exhibit A**.  The Summons and Complaint were not served on any of the

Defendants.

          2.        On or about December 8, 2021, Plaintiffs filed an Amended Complaint ("FAC")

against the Defendants.  The FAC with annexed exhibits is attached hereto as **Exhibit B**. The

Summons and FAC were not served on any of the Defendants.

3.      On or about December 13, 2021, Plaintiffs filed an Amended Summons and a Second Amended Complaint ("SAC") against the Defendants.  The Amended Summons and SAC with annexed exhibits are attached hereto as **Exhibit C**. The SAC purports to alleged a state court claim for usury labeled "Declaratory Judgment, Vacatur of Judgment, and Restitution," a claim for RICO, and a claim for RICO conspiracy.

4.      The Plaintiffs claim to have served Defendants with the Amended Summons and SAC between December 15 and 28, 2021.  The affidavits of service are collectively attached hereto as **Exhibit D**.

5.      The Complete Docket setting forth all papers filed within is attached hereto as **Exhibit E**.

## <u>REMOVAL IS TIMELY AND PROPER</u>

6.      28 U.S.C. § 1446(b)(1) provides that the Notice of Removal is timely if served within thirty (30) days after receipt by the Defendant.  As the Plaintiffs do not allege any Defendant was served before December 15, 2021, the Notice of Removal, filed on January 14, 2021, cannot be untimely.  MRG was not served until December 20, 2021, and, as such, its deadline to file a Notice of Removal is January 19, 2022.

7.      The attorneys for Green Capital Funding, LLC, Yellowstone Capital, LLC, Advance Merchant Services, LLC, Yitzhak Stern, David Glass, Salvatore Laspisa and Anes D. Hadzifejzovic a/k/a Alex Hadz have all consented to removal.  The principal of SVP Funding, LLC, has also consented.  True and correct copies of their written consents are attached hereto as **Exhibit F**.

8.      Consent of defendant, LMF Trading Group, LLC ("LMF"), is unnecessary to removal because it has not been properly joined to this action.  *See In re Rezulin Prods. Liab.*

*Litig.*, 133 F. Supp. 2d 272, 295 (S.D.N.Y. 2001) (noting that the failure of an improperly joined party to participate in a removal petition will not defeat removal and consent is not required). Plaintiffs evidently joined "LMF Trading Group, LLC," a Florida limited liability company, in the belief that an LMF company allegedly directed MRG to send UCC-1 notices to the corporate Plaintiff's customers. In fact, the LMF Trading allegedly involved in the present action references a domain name used for e-mail, rather than the Florida limited liability company named "LMF Trading Group, LLC" that Plaintiffs named. The entity that Plaintiffs report having named and served is wholly unrelated and was not properly joined. Plaintiffs cannot defeat removal of this action by misjoining complete strangers.

## BASIS FOR REMOVAL – FEDERAL QUESTION

9.     Pursuant to 28 U.S.C. § 1441, a defendant may remove any action over which the District Court would have original jurisdiction. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction of all civil actions arising out of the laws of the United States.

10.     This SAC purports to allege two claims arising out of the laws of the United States 18 U.S.C. §§ 1962. **Exhibit C**. RICO claims are creatures of federal statutory law, and present federal questions for which removal of the action from state court to District Court is proper. *Churchill Vill., L.L.C. v. GE*, 361 F.3d 566 (9th Cir. 2004).

11.     The Supreme Court of the State of New York, County of New York, is located within the Southern District of New York. Venue is proper because the action is being removed to the District Court of the United States for the district and division embracing the place where such action is pending under 28 U.S.C. § 1441(a).

12.     Pursuant to 28 U.S.C. §1446(d), a copy of the Notice of Removal being filed contemporaneously with and served upon the Supreme Court of the State of New York, County of New York.  A copy of this written notice is attached hereto as **Exhibit G**.

13.     Pursuant to 28 U.S.C. §1446(d), a copy of the Notice of Removal is being served contemporaneously upon counsel for all other parties.

14.     This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure as required by 28 U.S.C. §1446(a).

Dated:  New York, New York
           January 14, 2022

/s/ Christopher R. Murray
Christopher R. Murray, Esq.
Stein Adler Dabah & Zelkowitz, LLP
*Attorneys for Defendants*
*MAX RECOVERY GROUP, LLC*
1633 Broadway, 46th Floor
New York, New York 10019
Tel: (212) 867-5620
E-Mail: cmurray@steinadlerlaw.com